Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Jeffrey N. Elkrief (SBN 321030)
jelkrief@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS BRITTANY LAWRENCE MARSHALL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED AIRLINES, INC., a Delaware Corporation<br><br>　　　　　Defendants. | Case No. 3:25-cv-7121<br><br>**DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL**<br><br>San Francisco County Superior Court Case No. CGC25627086<br><br>State Action Filed: July 9, 2025 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant United Airlines, Inc. ("United") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California. United removes this action pursuant to 28 U.S.C. sections 1441 and 1446, asserting federal jurisdiction on the basis of diversity under 28 U.S.C. section 1332.

## I.     PROCEDURAL HISTORY

1.     On July 9, 2025, Plaintiff Alexis Brittany Lawrence Marshall ("Plaintiff") filed the Complaint in the California Superior Court for the County of San Francisco, *Alexis Brittany Lawrence Marshall v. United Airlines, Inc., et al.*, Case No. CGC25627086 (the "State Court Action").

2.     United was served with a copy of the Summon and Complaint on July 23, 2025 through its agent for service of process, C T Corporation System. Plaintiff filed a Proof of Service in the State Court Action on or about July 24, 2025. Declaration of Jeffrey Elkrief in Support of Notice of Removal ("Elkrief Decl.") ¶ 3, Ex. B, Proof of Service.

3.     In the State Court Action, Plaintiff alleges eighteen (18) state law claims arising out of the Fair Employment and Housing Act ("FEHA"), tort, the California Labor Code, and other state statutory and common law theories. These claims include: (1) discrimination based on physical disability in violation of Government Code §12940(a); (2) hostile work environment in violation of Government Code §12940 et seq.; (3) retaliation in violation of Government Code §12940 et seq.; (4) failure to prevent discrimination in violation of Government Code §12940(k); (5) harassment based on physical disability in violation of Government Code §12940(a); (6) failure to accommodate a physical disability in violation of Government Code §12940(m); (7) failure to engage in the interactive process in violation of Government Code §12940(n); (8) wrongful termination in violation of public policy; (9) failure to pay minimum wage and all wages earned under Labor Code §§204, 1194, 1197, and IWC Wage Order No. 9; (10) failure to provide meal periods in violation of Labor Code §§226.7, 512 and IWC Wage Order No. 9; (11) failure to authorize and permit rest breaks under Labor Code §226.7 and IWC Wage Order No. 9; (12) failure to provide accurate itemized wage statements in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

violation of Labor Code §226; (13) failure to pay all wages due upon termination in violation of Labor Code §203; (14) failure to reimburse business expenses under Labor Code §2802; (15) failure to provide a uniform maintenance allowance under Labor Code §2802; (16) failure to provide a day of rest in violation of Labor Code §§551, 552; (17) failure to allow inspection of employment records under Labor Code §1198.5; and (18) unfair business practices in violation of Business & Professions Code §§17200 et seq. Elkrief Decl. ¶ 2, Ex. A, Complaint ("Compl.").

4. A true and correct copy of all pleadings, orders, and documents on file in the State Court Action are filed with this Notice of Removal. *See* Elkrief Decl. ¶¶ 2-4, Ex. C, State Action File.

5. In support of this Removal, United submits the Declaration of United Senior Case Manager – Employment Litigation, Dorota Karpierz.

## II. REMOVAL IS TIMELY

6. The 30-day deadline for removal under 28 U.S.C. section 1446(b) has not begun because removability is not based solely on the four corners of the Complaint. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.").

7. Notwithstanding, this Notice of Removal is timely because United filed it in the time period set forth in section 1446(b). Plaintiff served United with the Complaint on July 23, 2025. The 30th day after July 23, 2025 is August 22, 2025. Thus, this Notice – filed on August 22, 2025– is timely. *See Allen v. Toyota Motor Credit Corp.*, 2019 U.S. Dist. LEXIS 234129, *4 (N.D. Cal. Aug. 1, 2019).

## III. VENUE IS PROPER IN THIS DISTRICT

8. Venue is proper in this Court because Plaintiff filed this action in San Francisco County, which is located within the District and Division of this Court. 28 U.S.C. §§ 84(a), 1391, 1446(a).

## IV. NO JOINDER NECESSARY

9. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## V. REMOVAL IS PROPER BASED ON DIVERSITY

10. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332 and 1441 because Plaintiff and United (the only served defendant) are diverse, and the amount in controversy exceeds $75,000.

### A. Citizenship of the Parties

11. Plaintiff alleges that "at all times relevant hereto" she was "…a resident of the State of California". Compl. ¶ 3. A natural person's citizenship is determined by his state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because 'a person's residence is *prima facie* evidence of domicile and citizenship.'" *Lee v. BMW of N.A., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation of citizenship in notice of removal, based only on plaintiff's statement of residence in the complaint, sufficient to establish diversity jurisdiction); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1981) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary …."). Here, Plaintiff alleges that she was a resident of California at all relevant times which is conclusive. Compl. ¶3. Accordingly, Plaintiff is domiciled in California and considered a citizen of California for purposes of diversity jurisdiction.

12. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 599 U.S. 77 (2010).

13. United is now, and ever since this action commenced, has been incorporated under the laws of the State of Delaware, with its headquarters and principal place of business in Chicago, Illinois. Karpierz Decl. ¶ 2; *see* Compl. ¶ 4; *see Khouri v. United Airlines*, 23 Fed. Appx. 318, 320 (9th Cir. 2002).

14. Accordingly, Plaintiff is diverse with respect to United.

### C. The Amount in Controversy Exceeds $75,000

15. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain an evidentiary

submission. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 96 (2014).  When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on all of her claims.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the FAC").  United only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).  Here, Plaintiff explicitly admits in the Prayer for Relief in her Complaint—and it is reasonably ascertainable from the face of the Complaint—that the amount in controversy exceeds $75,000.

16. <u>Claimed Damages.</u>  Plaintiff's Complaint expressly seeks compensatory damages as follows: "For compensatory damages in the amount of minimum wages due to Plaintiff, in the amount of at least $123,840.00, according to proof; [f]or one hour of pay at the regular rate of compensation for Plaintiff for each workday that a meal and/or rest period was not provided, in the amount of $123,840; [f]or payment of unpaid wages in accordance with California labor and employment law, in the amount of $123,840;[and] [f]or compensatory damages for lost wages and employment benefits, in the amount of at least $123,840.00, according to proof." *See* Compl., Prayer for Relief, p. 28-29 at ¶¶ 1-4.  Plaintiff also expressly seeks damages for physical and emotional distress in the amount of "at least $1,000,000." *See Id.,* Prayer for Relief, p. 29 at ¶ 5.  Not only does Plaintiff admit the specific figure she is seeking for these damages, but courts also routinely include these categories of damages in evaluating the amount in controversy. *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the FAC."); *Ramirez*, 2018 U.S. Dist. LEXIS 189135, *25-27 (court includes benefits in evaluating amount in controversy).  In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually

recover them." *Tipton v. Airport Terminal Servs., Inc.*, No. 2:18-CV-09503-AB-JEM, 2019 WL 185687, at *9 (C.D. Cal. Jan. 14, 2019).

17.  <u>Future Earnings</u>. Although Plaintiff generally seeks "lost wages," it can be assumed that she will also seek "front pay" pursuant to California employment statutes, which in California can span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d. 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Plaintiff alleges that she "earned $21.50 per hour" and "worked 8 or more hours per day, 5 days per week." *See* Compl., ¶11. Assuming a conservative front-pay award of two years, Plaintiff's purported front-pay award calculating wages only would be <u>$89,440.00</u> (104 weeks x $860 per week).[1]

18.  <u>Emotional Distress Damages</u>. As previously discussed, Plaintiff seeks to recover emotional distress damages in the amount of "at least $1,000,000.00". *See Id.*. ¶ 52, 69, 81, Prayer for Relief, p. 29 at ¶ 5. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2:18-CV-07993-AB-JPR, 2018 WL 5816107, at *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United expressly denies that any emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

19.  <u>Punitive Damages</u>. Plaintiff also seeks punitive damages. *See* Compl. ¶¶ 83, 91, 100, 112; Prayer for Relief at p. 30 ¶17. Punitive damages are considered as part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). "Punitive damages are available under FEHA." *Id.* United expressly denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be

---

[1] 104 weeks = 2 years; ($21.50 x 40 hours) = $89,440.00 per week.

considered.

20. <u>Attorneys' Fees</u>. The Complaint also seeks an award of attorneys' fees. *See* e.g. Compl. ¶¶ 46, 56, 65, 73, 84, 92, 101, 113, 117, 121, 133; Prayer for Relief at p. 30 at ¶ 18. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* An "appropriate and conservative estimate for attorneys' fees in employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*, 2018 U.S. Dist. LEXIS 189135, at *26-27 (including $30,000 of attorneys' fees in the amount in controversy"). United expressly denies that any attorneys' fees should be awarded here; however, for purposes of the amount in controversy requirement, claimed attorneys' fees should be considered.

21. In sum, the lost wages, emotional distress damages, punitive damages, and attorney's fees exceed the $75,000 jurisdictional minimum.

## VI. NOTICE TO PLAINTIFFS AND THE SUPERIOR COURT

22. Contemporaneously with the filing of this Notice, United will provide notice of such filings to Plaintiff's counsel of record.

23. A copy of this Notice will be filed with the Clerk of the Superior Court of the County of San Francisco, California.

## VII. CONCLUSION

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Francisco to this Court.

DATED: August 22, 2025

Reed Smith LLP

By: /s/ Jeffrey N. Elkrief
Michele Haydel Gehrke
Jeffrey N. Elkrief
Attorneys for Defendant
UNITED AIRLINES, INC.