# EXHIBIT A

Kevin A. Lipeles (Bar No. 244275)
Thomas H. Schelly (Bar No. 217285)
Molly E. Hoot (Bar No. 179532)
LIPELES LAW GROUP, APC
880 Apollo Street, Suite 336
El Segundo, California 90245
Telephone: (310) 322-2211
Fax: (310) 322-2252
Email: molly@kallaw.com

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/09/2025**
**Clerk of the Court**
BY: WILMA CORRALES
Deputy Clerk

Attorneys for Plaintiff,
ALEXIS BRITTANY LAWRENCE MARSHALL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ALEXIS BRITTANY LAWRENCE MARSHALL, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | **CASE NO.:**  **CGC-25-627086**<br><br>**COMPLAINT FOR:**<br><br>1. **DISCRIMINATION BASED UPON PHYSICAL DISABILITY IN VIOLATION OF GOVT. CODE §12940 (a);**<br>2. **HOSTILE WORK ENVIRONMENT IN VIOLATION OF GOVT. CODE §12940 ET SEQ.;**<br>3. **RETALIATION IN VIOLATION OF GOVT. CODE §12940 ET SEQ.;**<br>4. **FAILURE TO PREVENT DISCRIMINATION FROM OCCURRING IN VIOLATION OF GOVT. CODE §12940(k);**<br>5. **HARASSMENT BASED ON PHYSICAL DISABILITY IN VIOLATION OF GOVT. CODE §12940 (a);**<br>6. **FAILURE TO ACCOMMODATE PHYSICAL DISABILITY IN VIOLATION OF GOVT. CODE §12940(m);**<br>7. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOVT. CODE §12940(n);**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

1

IN VIOLATION OF GOVT. CODE §12940 *et seq.*;

9. **FAILURE TO PAY MINIMUM WAGE AND PAY FOR ALL WAGES EARNED (*Labor Code* §§ 204, 1194 and 1197; IWC Wage Order No. 9);**

10. **FAILURE TO PAY FOR MEAL PERIODS NOT PROVIDED (Cal. *Labor Code* §§ 226.7, 512; IWC Wage Order No. 9);**

11. **FAILURE TO PROVIDE REST PERIODS (Cal. *Labor Code* §226.7; IWC Wage Order No. 9);**

12. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (Cal. Labor Code §226);**

13. **FAILURE TO PAY ALL WAGES DUE ON TERMINATION (Cal. Labor Code §203);**

14. **FAILURE TO REIMBURSE BUSINESS EXPENSES (Cal. *Labor Code* §2802);**

15. **FAILURE TO PROVIDE A UNIFORM MAINTENANCE ALLOWANCE (Cal. *Labor Code* §2802);**

16. **FAILURE TO PROVIDE DAY OF REST (Cal. *Labor Code* §§ 551, 552);**

17. **FAILURE TO ALLOW INSPECTION OF EMPLOYMENT RECORDS (Cal. *Labor Code* §1198.5); and**

18. **UNFAIR COMPETITION (Cal. Bus. & Prof. Code §§17200 et seq.)**

**DEMAND FOR A JURY TRIAL**

Alexis Brittany Lawrence Marshall ("Plaintiff") alleges the following:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Complaint under California Government Code §12920 *et seq.*, and the rules, regulations and directives implementing those statutes, *Code of Civil Procedure* §410.10 and *Business & Professions Code* §§ 17200 *et seq.*

2.      Venue is proper in this Court pursuant to *Code of Civil Procedure* §§ 395 and 395.5, because the claims made, and the *Government Code* and wage and hour violations as against the persons identified herein, occurred in San Francisco County and because Defendant United Airlines, Inc. owned and operated their airline in San Francisco County.

## II.    PARTIES

3.      At all times relevant hereto, Plaintiff Alexis Brittany Lawrence Marchall (hereinafter "Plaintiff") was an individual over age 18 and a resident of Dublin, California.

4.      Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant United Airlines, Inc. ("UNITED" or "Defendant"), has been, and is a Delaware corporation, with a principal place of business at 233 S. Wacker Drive, 14th Floor WHQCT, Chicago, IL 60606.  At all times material hereto, UNITED has been, and is, an airline.

5.      Plaintiff was employed by UNITED, as a Service Employee. Plaintiff is informed and believes and thereon alleges that at all times material hereto UNITED has been authorized to do business and has been doing business in the State of California.

6.      Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendants and some of DOES 1 through 100 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names and capacities.  Plaintiff will amend his Complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an

individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff.  These DOE Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, disability discrimination and harassment practices and policies, and wage and hour violations, for Defendants which have damaged Plaintiff. Therefore, Does 1 through 100, in addition to the remaining Defendants, are "employers" as a matter of law and are liable on the causes of action alleged herein.

8.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 100 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California.  Specifically, DOES 1 through 100 maintain offices, operate businesses, employ persons, conduct business and engage in disability discrimination and wage and hour violations, in the County of San Francisco.

9.      Plaintiff is further informed and believes, and thereon alleges, that each of the fictitiously named Defendants aided and assisted the named Defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each Defendant.

## III.    PAGA NOTICE

10.      Pursuant to the California Labor Code, on or about July 9, 2025, Plaintiff filed a notice with Labor and Workforce Development Agency (LWDA) of her intent to pursue claims against Defendant UNITED under the Private Attorney General Act (PAGA). As such, Plaintiff further reserves the right to amend this Complaint once she completes and complies with the provisions under the law.

IV.   **FACTUAL ALLEGATIONS THAT ARE COMMON TO ALL CAUSES OF ACTION**

**Employment Information**

11.     Plaintiff was an employee of UNITED since on or about May 20, 2024. Plaintiff worked as a Service Employee for UNITED at the San Francisco International Airport. Plaintiff loaded and unloaded aircraft. Plaintiff worked 8 or more hours per day, 5 days per week. Plaintiff earned $21.50 per hour. She was employed at UNITED until April 9, 2025, when Plaintiff was wrongfully terminated.

**Discrimination, Harassment and Wrongful Termination**

12.     Plaintiff was denied a work environment free of disability discrimination and harassment and was targeted for wrongful termination on or about April 9, 2025.

13.     On or about July 19, 2024, Plaintiff injured her left foot while on the job when her foot got caught in a machine that helps load baggage onto airplanes. As such, this condition, singularly and in the aggregate, constitutes a physical disability, as that term is defined in *Government Code* § 12926(l)(1)(A), (B).

14.     Plaintiff visited a physician and the physician stated that Plaintiff could continue working with the following restrictions: sitting 80% of the time, no lifting and walking for no more than 5-10 minutes at a time.

15.     A workers compensation case was initiated on behalf of Plaintiff.

16.     Plaintiff continued working from July 2024 until October 2024. However, occasionally Plaintiff took a day off from work due to pain.

17.     UNITED moved Plaintiff around to various jobs and those jobs did not accommodate her restrictions since she was still required to walk a lot. The airport has escalators, stairs, walkways and Plaintiff was required to walk across the airport.

18.     As a result, Plaintiff asked UNITED if she could use a wheelchair, but UNITED denied her request.

19.     Further, there were other jobs that Plaintiff could have performed that would have accommodated her restrictions, but UNITED refused.

5

20.     UNITED denied Plaintiff's request for accommodation and failed to engage in any interactive process.

21.     On or about October 15, 2024, a physician advised Plaintiff that she had an underlying foot condition and as a result, her workers compensation case was going to be closed and Plaintiff would be placed on Extended Illness Status ("EIS") for 5 months.

22.     On that same day, Plaintiff went to the ER because she still did not feel well and she was provided a boot and referred to a podiatrist. The podiatrist informed Plaintiff that she had a foot fracture.

23.     In or about November 2024, Plaintiff retained a workers compensation attorney and a workers compensation case was started for her in or about January 2025.

24.     On or about April 9, 2025, Plaintiff received a letter from UNITED that stated that she was terminated because her EIS ended.

25.     UNITED's wrongful termination of Plaintiff was wrongfully motivated by discrimination against her due to her disability.

26.     At all times material hereto, UNITED regularly employed five or more persons and therefore are employers, as that term is defined in *Government Code* § 12926(d).

27.     On July 9, 2025, Plaintiff filed an administrative complaint with the California Civil Rights Department ("CCRD") alleging discrimination and harassment by UNITED. On July 9, 2025, the CCRD issued to Plaintiff a Right to Sue Notice as to UNITED.

**Wage and Hour Violations**

28.     The employment by UNITED of Plaintiff is governed by Industrial Welfare Commission Wage Order No. 9, which covers those persons employed in the transportation industry.

29.     Under California law, non-exempt employees as defined by IWC Wage Order No. 9, are entitled to minimum wages.

30.     Plaintiff's meal breaks were at times afforded late.

31.     Additionally, Plaintiff's rest breaks were routinely interrupted.

32.     As a result of Defendant's failure to afford Plaintiff minimum wages, meal/rest breaks, the wage statements issued to her did not comply with Labor Code § 226 and the California Industrial Welfare Commission ("IWC") Wage Order No. 9 in that they did not accurately reflect all wages earned and due and owing.

33.     UNITED failed to pay Plaintiff all wages due on termination.

34.     UNITED failed to reimburse Plaintiff for her necessary business expenses.

35.     UNITED failed to provide Plaintiff with a uniform maintenance allowance.

36.     UNITED failed to provide Plaintiff with days of rest.

37.     UNITED failed to provide Plaintiff with her requested employment records.

## FIRST CAUSE OF ACTION

**(Discrimination Based on Physical Disability in Violation of Government Code §§12940(a) - By Plaintiff Against Defendant UNITED and Does 1 through 100)**

38.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

39.     Under the California Fair Employment and Housing Act ("FEHA"), Government Code § 12940(a), an employer cannot discriminate against an employee, because of a physical disability.

40.     Plaintiff suffered from the physical limitation as set forth above and was therefore a member of the class of persons protected from disability discrimination under California Government Code § 12940(a).

41.     Upon learning about Plaintiff's disability, and not wanting a disabled employee, on or about April 9, 2025, UNITED terminated Plaintiff's employment in violation of California Government Code § 12940.

42.     By terminating Plaintiff because of her physical disability, UNITED violated Government Code § 12940(a).

43.     As a direct and proximate result of UNITED's conduct, individually and collectively, Plaintiff has suffered and continues to suffer substantial losses in income,

7

earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits in the amount of at least $188,784.00, according to proof.

44.    As a direct and proximate result of UNITED's actions, Plaintiff has suffered severe and serious injury to her person, all to her damage in the amount of at least $1,000,000, according to proof.

45.    UNITED's conduct in discriminating against Plaintiff because of her physical disability subjected her to cruel and unjust hardship in conscious disregard of her rights, as it was anticipated by UNITED that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that her wrongful termination by UNITED was done with the intent to cause her injury. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

46.    Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

## SECOND CAUSE OF ACTION

**(Hostile Work Environment in Violation Govt. Code §12940 et seq.- By Plaintiff Against Defendant UNITED and Does 1 through 100)**

47.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

48.    The offensive conduct to which Plaintiff was subjected constitutes a hostile work environment in violation to FEHA, California Government Code §12940 et seq. During his employment, UNITED violated FEHA, California Government Code §12940 (j), by discriminating against Plaintiff due to her physical disability.

49.    UNITED's harassment was hostile, abusive, continuous and pervasive to create a hostile work environment for Plaintiff.

50.    UNITED's harassment was unwelcome, humiliating, offensive and adversely affected the terms of Plaintiff's employment.

51.    Plaintiff was subjectively offended by UNITED's conduct and any reasonable person in Plaintiff's position would perceive UNITED's conduct as being offensive, hostile and abusive.

52.    As a direct result of UNITED's failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity, in at least the amount of $1,000,000, subject to proof at trial.

53.    Plaintiff is hereby entitled to general and compensatory damages in an amount within the jurisdiction of this Court, subject to proof at trial.

54.    UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

55.    All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary damages against UNITED in an amount to be determined at the time of trial.

56.    Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

### THIRD CAUSE OF ACTION

**(Retaliation in Violation of Government Code §§12940 et seq. - By Plaintiff Against Defendant UNITED and Does 1 through 100)**

57.    Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

58.    This cause of action is brought pursuant to the FEHA, Govt. Code §12940(h), which provides that it is unlawful to retaliate against a person "because the person has opposed

9

any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under the FEHA."

59.    As a result of her physical disability, Plaintiff was denied the right to work in an environment free of discrimination and harassment and was wrongfully terminated by UNITED.

60.    UNITED's retaliatory conduct toward Plaintiff caused her emotional injury, including, but not limited to, humiliation, anxiety, fear, and loss of self-esteem. UNITED's retaliatory conduct was a substantial factor and the proximate cause of Plaintiff's damages.

61.    Plaintiff's physical disability was the reason UNITED retaliated against her.

62.    Plaintiff has suffered monetary damages, lost wages and privileges of employment illegally caused by UNITED's discriminatory conduct in the amount of at least $188,784.00, according to proof.

63.    UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

64.    All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary damages against the UNITED in an amount to be determined at the time of trial.

65.    Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

## **FOURTH CAUSE OF ACTION**

### **(Failure to Prevent Discrimination from Occurring in Violation of Government Code §12940(k) - By Plaintiff Against Defendant UNITED and Does 1 through 100)**

66.    Plaintiff realleges and incorporates by reference all of the allegations set forth above in the Complaint.

10

67.     UNITED's conduct in subjecting Plaintiff to discriminatory conduct due to Plaintiff's physical disability constituted breach of their duty under FEHA, including the duty to take immediate and appropriate corrective action and to take all reasonable steps to prevent discrimination and retaliation from occurring pursuant to California Government Code Section 12940(k).

68.     UNITED failed to take measures to prevent discrimination and retaliation.

69.     As a direct result of UNITED's failure to take all reasonable steps necessary to prevent discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress, loss of earnings and earning capacity, in the amount of at least $1,000,000, according to proof at trial.

70.     Plaintiff is hereby entitled to general and compensatory damages in an amount within the jurisdiction of this Court, according to proof at trial.

71.     UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

72.     All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary damages against the UNITED in an amount to be determined at the time of trial.

73.     Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

## FIFTH CAUSE OF ACTION

**(Harassment Due to Physical Disability in Violation of Govt. Code §12940(a)– By Plaintiff against Defendant UNITED and Does 1 through 100)**

74.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

75.     Beginning on or about October 15, 2024, Plaintiff was harassed by the actions, conduct UNITED's employees, which actions, conduct and comments combined to create and allow a pattern of harassment towards her due to her disability.

76.     UNITED's actions constituted a continuing violation of Cal. Gov. Code § 12940, et seq.

77.     UNITED negligently and in bad faith failed to properly investigate Plaintiff's claims of disability and harassment and take appropriate remedial action.

78.     UNITED engaged in retaliatory actions against Plaintiff due to her disability and Plaintiff was subjected to unfair and hostile treatment by UNITED.

79.     All of the conduct by UNITED, was done with the full knowledge and ratification of the management employees of UNITED and was consistent with the recognized policies and procedures of UNITED, which tolerated and encouraged such discriminatory conduct.

80.     At all times herein mentioned, UNITED was legally required to refrain from discriminating against and harassing any employee on the basis of physical disability, among other things. Within the time provided by law, Plaintiff filed a complaint with the CCRD, in full compliance with these sections, and received a right to sue letter.

81.     UNITED conduct resulted in the damages and injuries to Plaintiff as alleged in this Complaint. As a direct and proximate result of the conduct of UNITED, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in at least $1,000,000, subject to proof at trial.

82.     UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

83.     All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary

damages against the UNITED, and each of them, in an amount to be determined at the time of trial.

84.     Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

## SIXTH CAUSE OF ACTION

**(Failure to Accommodate Physical Disability in Violation of Public Policy, Govt. Code §§12940 (m) – By Plaintiff Against Defendant UNITED and Does 1 through 100)**

85.     Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

86.     As alleged herein, Plaintiff requested that UNITED make a reasonable accommodation for her physical disability so that she would be able to perform the essential job requirements. UNITED refused said accommodation and refused to discuss any other potential reasonable accommodation it might afford to Plaintiff, wrongfully terminating Plaintiff instead on or about April 9, 2025.

87.     By refusing to afford Plaintiff a reasonable accommodation, UNITED violated Government Code § 12940(m).

88.     As a direct and proximate result of UNITED's conduct, individually and collectively, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits.

89.     As a direct and proximate result of UNITED's actions, Plaintiff has suffered severe and serious injury to her person, all to her damage in an amount within the jurisdiction of this Court, according to proof.

90.     UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

91.    All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary damages against the UNITED in an amount to be determined at the time of trial.

92.    Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

## SEVENTH CAUSE OF ACTION

**(Failure to Engage in a Good Faith Interactive Process in Violation of Government Code §12940(n)– By Plaintiff Against Defendant UNITED and Does 1 through 100)**

93.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

94.    At all times hereto, FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding on UNITED. This subsection imposes a duty on Defendant to engage in a timely, good faith, interactive process with the employee to determine reasonable accommodation, if any, in response to a request for a reasonable accommodation by an employee with a known physical disability or known medical condition.

95.    At all relevant times, Plaintiff was a member of a protected class within the meaning of Government Code §12940(a) et seq. because she had a disability, of which UNITED had both actual and constructive notice.

96.    Plaintiff reported her disability to UNITED, triggering UNITED's obligation to engage in a good faith interactive process with Plaintiff, but at all times herein, UNITED failed and refused to do so.

97.    UNITED breached their statutory duty under FEHA to engage in a timely good faith interactive process to determine a reasonable accommodation for Plaintiff's physical disability. Plaintiff further alleges: (1) that UNITED was the Plaintiff's employer; (2) that Plaintiff was an employee of UNITED; (3) that Plaintiff had a disability that required reasonable accommodation and which disability was known to UNITED; (4) that Plaintiff requested that UNITED make reasonable accommodation for her disability and/or physical condition so that she would be able to perform the essential functions of her job requirements;

(5) that Plaintiff was willing to participate in the interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements; (6) that UNITED failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodation could be made; (7) that Plaintiff was harmed financially; and (8) that UNITED's failure to engage in a good faith interactive process was a substantial factor in causing Plaintiff's damage and harm. Instead of engaging in a good faith interactive process, UNITED, wrongfully terminated Plaintiff on or about April 9, 2025.

98.    The above acts of UNITED constitute violations of FEHA, and were a proximate cause of Plaintiff's damages as stated below.

99.    UNITED did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts were against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

100.    All actions of UNITED were known, ratified and approved by the officers or managing agents of UNITED. Therefore, Plaintiff is entitled to punitive or exemplary damages against the UNITED in an amount to be determined at the time of trial.

101.    Pursuant to Government Code §12965(c)(6), Plaintiff requests a reasonable award of attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy, Govt. Code §§12940 et seq.**
**– By Plaintiff Against Defendant UNITED Does 1 through 100)**

102.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

103.    Plaintiff alleges that significant policies exist in the State of California that prohibit discrimination, retaliation, wrongfully terminating an employee for being disabled, complaining about harassment and protesting against unlawful employment practices. Among

others, the right to be free from discrimination and retaliation are codified in the California and

United States Constitutions and the provisions of Government Code §§12900 *et seq*.

//

//

104.    These policies are set forth in various laws including but not limited to

Government Code §§12940 (a), 12940 (k); Cal. Const. Art. 1, §8 (employment

discrimination).

105.    Plaintiff was disabled while working for UNITED.

106.    UNITED, acting through their employees, intentionally created and knowingly

permitted the discrimination based on disability and harassment.

107.    UNITED wrongfully terminated Plaintiff in violation of important and well-

established public policies, including, but not limited to, policies against employment

discrimination based upon disability and against harassment.

108.    UNITED's wrongful conduct proximately caused Plaintiff to suffer general,

special and statutory damages in an amount within the jurisdiction of this Court, according to

proof.

109.    As a further proximate result of the unlawful acts of UNITED as alleged above,

Plaintiff has been harmed in that she has suffered humiliation, mental anguish, and emotional

and physical distress that a reasonable person would suffer upon losing her job. As a result of

such actions and consequent harm, Plaintiff has suffered such damages in the amount of at

least $1,000,000, according to proof.

110.    The above acts of UNITED constituted a wrongful termination of Plaintiff and

were in violation of public policy as described above. Such termination was a substantial

factor in causing damage and injury to Plaintiff as set forth below.

111.    Plaintiff believes and thereon alleges that engaging in protected activity,

including, but not limited to, complaining about harassment and requesting accommodation

were factors in UNITED's conduct as alleged hereinabove.

112.    As a result of UNITED's conduct, Plaintiff is entitled to recover punitive damages in amount according to proof at trial.

113.    Pursuant to California Government Code §12965(c)(6), Plaintiff requests an award of attorneys' fees in this action.

<u>**NINTH CAUSE OF ACTION**</u>

**(Failure to Pay Minimum Wages in violation of Labor Code §§1194, 1197, 1197.1, 1198, 119 and Wage Order No. 9 by Plaintiff Against Defendant UNITED and Does 1-100)**

114.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

115.    *Labor Code* § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful. Similarly, *Labor Code* § 1194 entitles "any employee receiving less than the legal minimum wage...entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage." IWC Wage Order 9-2001 also obligates employers to pay each employee minimum wages for all hours worked. These minimum wage standards apply to each hour employees worked for which they were not paid. Therefore, an employer's failure to pay for any particular hour of time worked by an employee is unlawful, even if averaging an employee's total pay over all hours worked, paid or not, results in an average hourly wage above minimum wage. *Armenta v. Osmose, Inc*., 135 Cal. App. 4th 314, 324 (2005).

116.    Here, Plaintiff was not paid minimum wages that were due to her because of UNITED's failure to afford compliant meal/rest breaks.

117.    *Labor Code* § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

118.    *Labor Code* § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under *Labor Code* § 1194. Where an employee, such as Plaintiff is not paid for all hours worked under

*Labor Code* § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. *See Sillah v. Command Int'l Sec. Servs.*, 154 F. Supp. 3d 891 (N.D. Cal. 2015) (holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage); *accord Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1132-33 (N.D. Cal. 2016).

119.    Plaintiff suffered and continues to suffer losses related to the use and enjoyment of compensation due and owing to her as a direct result of Defendant's unlawful acts and Labor Code violations in the amount of at least $123,840, to be shown according to proof at trial.

120.    *Labor Code* § 1197.1(a) mandates a civil penalty for failure to pay minimum wages against employers and those individuals acting in their behalf.  Plaintiff requests that this Court assess said penalty against Defendant, in an amount to be proven at trial.

121.    Therefore, pursuant to Labor Code §§ 200, 203, 218.5, 226, 558,1194 and 1194.2, Plaintiff is entitled to recover the unpaid balances of the minimum wages Defendant owes her, plus interest, penalties, attorneys' fees, expenses and costs of suit, in the amount of $123,840.

122.    Under *Labor Code* § 1194.2, Plaintiff is entitled to recover as liquidated damages, amounts equal to the wages unlawfully unpaid and interest thereon.

## TENTH CAUSE OF ACTION

**(For Failure to Provide Meal Breaks in violation of Cal. Labor Code § 226.7– By Plaintiff Against Defendant UNITED and Does 1 through 100)**

123.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

124.    California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. Section 226.7(b) of the California Labor Code provides that "[a]n employer shall not require an employee to work during a meal or rest break or recovery period mandated pursuant to an

applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…"

125.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

126.    The Wage Order No. 9 provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30-minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

127.    IWC Wage Order No. 9 further provides, in relevant part: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

128.    Section 512(a) of the California Labor Code provides, in relevant part, that:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30-minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30-minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

129.    The Labor Code and Wage Order provisions cited above require California employers to provide employees with off-duty 30-minute meal periods on or before the fifth hour of their shifts. To satisfy this obligation, California employers must: (1) make employees aware of their right to off-duty 30-minute meal periods before the fifth hour of their shifts, and

(2) ensure that employees are actually free of job duties for thirty minutes per day on or before the fifth hour of their shifts.

130.    UNITED violated Labor Code § 512 and IWC Wage Order No. 9 by at times failing to provide Plaintiff complaint meal breaks. Plaintiff's meal breaks were at times afforded late.

131.    UNITED further violated IWC Wage Order No. 9 and Labor Code § 226.7 by failing to pay one hour of compensation to Plaintiff at her individual and regular rate of pay for each work day that the meal period was not provided, in the amount of $123,840. This amount remains owed and unpaid.

132.    Cal. Labor Code § 218 authorizes Plaintiff to bring a private right of action to recover wages due based on the deprivation of timely meal periods under Cal. Labor Code § 226.7(b).

133.    As a direct and proximate result of UNITED's unlawful conduct as alleged herein, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and is entitled to recover economic and statutory damages, attorneys' fees and penalties and other appropriate relief due to UNITED's violations of the California Labor Code and IWC Wage Order No. 9.

## ELEVENTH CAUSE OF ACTION

**(For Failure to Provide Rest Breaks in violation of Cal. Labor Code §226.7– By Plaintiff Against Defendant UNITED and Does 1 through 100)**

134.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

135.    Labor Code § 226.7 and IWC Wage Order No. 9 provide that employers shall authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four hours of work, or major fraction thereof.

136.    Labor Code § 226.7 and Wage Order No. 9 provide that if an employer fails to provide an employee with rest periods in accordance with those provisions, the employer shall

pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest periods were not so provided.

137.    Defendant UNITED has intentionally and improperly denied uninterrupted rest periods to Plaintiff in violation of Labor Code § 226.7 and the IWC Wage Order No. 9.

138.    At all times relevant hereto, Plaintiff has worked 8 or more hours daily.

139.    At all times relevant hereto, UNITED failed to provide rest periods as required by Labor Code § 226.7 and Wage Order No. 9.

140.    By virtue of UNITED's unlawful failure to provide uninterrupted rest periods to the Plaintiff, Plaintiff has suffered, and will continue to suffer, damages in the amount of $123,840.

## TWELFTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements in violation of Cal. Lab. Code §226– By Plaintiff Against Defendant UNITED and Does 1 through 100)

141.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

142.    At all times relevant herein, UNITED issued payroll statements to Plaintiff which violated Cal. Lab. Code §226(a), in that UNITED failed to properly and accurately itemize the number of hours she worked at the effective regular rates of pay.

143.    UNITED knowingly and intentionally failed to comply with Cal. Lab. Code §226(a), causing damage to Plaintiff. These damages, including but not limited to costs expended calculating her true hours worked, and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226(e), in an amount to be proven at trial, plus reasonable attorneys' fees and costs.

144.    Plaintiff requests a permanent injunction to stop this unlawful conduct, plus attorneys' fees and costs in obtaining the injunction, pursuant to Cal. Lab. Code § 226(g).

**THIRTEENTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due on Termination in violation of Cal. Lab. Code §203– By Plaintiff Against Defendant UNITED Does 1 through 100)**

145.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

146.    Labor Code § 201(a) provides that a discharged employee's unpaid wages are due and payable immediately. Labor Code § 202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

147.    Labor Code § 203(a) provides that if an employer willfully fails to pay wages as mandated by Labor Code §§ 201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

148.    Plaintiff was wrongfully discharged from UNITED'S employ and UNITED willfully failed to pay Plaintiff wages due to her.

149.    Under Labor Code § 203(a), Plaintiff is entitled to one day's wages for each day she was not timely paid, not to exceed 30 days' wages.

150.    By willfully failing to pay Plaintiff for minimum wages, premium pay for meal/rest breaks not compliant, as set forth above, UNITED is liable to her for penalties pursuant to Cal. Lab. Code § 203, in an amount equal to 30 days of her per diem wage rate in an amount according to proof.

**FOURTEENTH CAUSE OF ACTION**

**(Reimbursement of Business Expenses in violation of Cal. Labor Code § 2802 By Plaintiff Against Defendant UNITED and Does 1 through 100)**

151.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

152.    Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of her duties.

//

//

153.    At all times relevant herein, UNITED was aware that Plaintiff was using her cell phone for business, but failed to indemnify Plaintiff for all her business-related expenses, in accordance with Labor Code § 2802.

154.    As a result of UNITED's conduct, Plaintiff suffered damages in an amount, subject to proof, to the extent she was not reimbursed for all of her business-related expenses incurred in the discharge of her duties.

155.    Pursuant to Labor Code § 2802, Plaintiff is entitled to recover the full amount of her unreimbursed business expenses, reasonable attorneys' fees and costs of suit, in an amount according to proof.

## FIFTEENTH CAUSE OF ACTION

### (Failure to Provide a Uniform Maintenance Allowance in violation of Cal. Labor Code § 2802 By Plaintiff Against Defendant UNITED and Does 1 through 100)

156.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

157.    Under California law, if an employer requires non-exempt employees to wear a uniform, the employer must pay for and maintain the uniform for the employee. Labor Code §2802.

158.    In addition to the cost of the uniform, the employer must provide non-exempt employees with reasonable maintenance of the uniforms. The employer can either maintain the uniform itself, or pay the employee a weekly maintenance allowance.

159.    An employer may never impose a financial burden on employees, with respect to purchasing or maintaining clothing, which would reduce the employees' wage rate below the minimum wage.

160.    Here, Plaintiff purchased gloves, pants and shoes for her work, but was not reimbursed therefor.

161.    Defendant failed to reimburse Plaintiff for gloves, pants and shoes she purchased for work nor pay Plaintiff a weekly maintenance allowance.

162.    As a proximate result of the aforementioned violations of § 2802, Plaintiff is entitled to recovery from UNITED for reimbursement of necessary expenditures including interest and attorneys' fees.

163.    As a proximate result of the aforementioned violations of Labor Code § 2802, Plaintiff has been damaged in an amount according to proof at the time of trial.

<u>**SIXTEENTH CAUSE OF ACTION**</u>

**(Failure to Provide Day of Rest in violation of Cal.** *Labor Code* **§§ 551, 552 By Plaintiff Against Defendant UNITED and Does 1 through 100)**

164.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

165.    Labor Code section 551 states: "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

166.    Labor Code section 552 states in part: "No employer of labor shall cause his employees to work more than six days in seven...."

167.    Wage Order No. 9 requires employers to pay employees one and one-half times their regular rate of pay for the first eight hours worked on the seventh consecutive day of work in any workweek, and twice their regular rate for hours worked in excess of eight on the seventh day.

168.    At times Plaintiff worked 7 days per week.

169.    Defendant UNITED knowingly and intentionally failed to pay Plaintiff premium pay for working seven consecutive days as required by Labor Code sections 551 and 552 and Wage Order No. 9.

170.    As a direct and proximate result of Defendant UNITED's conduct as alleged herein, Plaintiff has suffered monetary damages in an amount equal to her unpaid wages for work performed during seven consecutive work days, pursuant to Labor Code sections 551 and 552 and Wage Order No. 9, plus interest thereon pursuant to Labor Code 218.6.

171.    Plaintiff further is entitled to recover from Defendant UNITED additional sums as a penalty, pursuant to Labor Code section 558 equal to fifty dollars ($50) per unpaid pay

period for Defendant's initial violation, and one hundred dollars ($100) per unpaid pay period for each subsequent violation, in addition to the underpaid wages from each pay period.

172.    In addition, Plaintiff has retained the services of an attorney to maintain and prosecute this action and these attorneys are entitled to recover fees and costs incurred on Plaintiff's behalf pursuant to Labor Code section 218.5.

## SEVENTEENTH CAUSE OF ACTION

**(Failure to Allow Inspection of Employment Records in violation of Cal. *Labor Code* §1198.5 By Plaintiff Against Defendant UNITED and Does 1 through 100)**

173.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

174.    California Labor Code Section 1198.5 provides:

(a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

(b) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request to inspect the records. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records,... later than 30 calendar days from the date the employer receives the request...

(k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified I

this section... the current or former employee may recover a penalty of seven hundred fifty dollars ($750) from the employer.

(1) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

175.    Additionally, pursuant to IWC Wage Order No. 9, at section 7 re: Records, employers are required to keep accurate payroll records on each employee, and such records must be made readily available for inspection by the employee upon reasonable request. The employer must also maintain accurate production records.

176.    On or about July 9, 2025, Plaintiff 's counsel issued a written request to UNITED for copies of her personnel records.

177.    Under California Labor Code Sections 226, 432 and 1198.5, such records were to include all records relating to Plaintiff's hours worked, wage statements and compensation. Plaintiff's counsel and UNITED did not enter into an agreement to enlarge the time for UNITED compliance, and UNITED has failed and refused to permit Plaintiff copies of her records.

178.    As a direct result and consequence of UNITED's failure and refusal to permit Plaintiff full access to her records, Plaintiff seeks injunctive relief in the form of an order or decree mandating UNITED's compliance. Plaintiff has suffered and will suffer harm as a result of UNITED ongoing refusal to comply. Plaintiff also seeks recovery of the statutory penalty of $750 based upon UNITED's violation of §1198.5.

## EIGHTEENTH CAUSE OF ACTION

**(For Unfair Competition in Violation of Unfair Business Practices, Cal. Bus. & Prof. Code §17200 et seq.– By Plaintiff Against Defendant UNITED and Does 1 through 100)**

179.    Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint.

180.    California Business & Professions Code § 17200 et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

181.    UNITED's conduct as alleged herein has been and continues to be unfair, unlawful, and deleterious to Plaintiff. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of the Cal. Code of Civ. Proc. § 1021.5. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this suit for restitution.

182.    The payment of minimum wages, affording compliant meal/rest breaks, paying all wages due on termination, issuing accurate wage statements, reimbursing business expenses, providing a uniform maintenance allowance, providing days of rest and providing employment records are fundamental public policies of the State of California. It is also the public policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

183.    Defendants failed to pay Plaintiff minimum wages, afford compliant meal/rest breaks, to pay all wages due on termination, to issue accurate wage statements, to reimburse business expenses, provide a uniform maintenance allowance, provide days of rest and to provide her employment records.

184.    During the applicable limitations period, UNITED violated Plaintiff's rights under the above-referenced Labor Code sections by failing to pay Plaintiff minimum wages, afford compliant meal/rest breaks, to pay all wages due on termination, to issue accurate wage statements, to reimburse business expenses, provide a uniform maintenance allowance, provide days of rest and to provide her employment records in violation of *Labor Code* §§ 1194, 1197, 1198, 201-203, 226.7, 551, 552 and 2802, as a result of not correctly calculating her regular rate of pay to include all applicable remuneration, including, but not limited to, minimum wages, premium pay for failure to afford meal/rest breaks and provide days of rest.

185.    Through the conduct alleged herein, UNITED acted contrary to these public policies and has thus engaged in unlawful and/or unfair business practices in violation of

Business & Professions Code §§ 17200 et. seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to employees under California law.

186.     UNITED regularly and routinely violated the following statutes and regulations with respect to Plaintiff:

*Cal. Labor Code* §§ 1197, 1198 and 1194 and IWC Wage Order No. 9 as amended (failure to pay minimum wages);

*Cal. Lab. Code* § 226.7 (failure to afford meal breaks);

*Cal. Lab. Code* § 226.7 (failure to afford rest breaks);

*Cal. Lab. Code* § 226 (failure to provide accurate wage statements to employees at the time of payment);

*Cal. Lab. Code* §§ 201, 202 and 203 (failure to pay wages due on termination);

*Cal. Lab. Code* §2802 (failure to reimburse business expenses);

*Cal. Lab. Code* §2802 (failure to provide a uniform maintenance allowance);

*Cal. Lab. Code* §§551, 552 (failure to provide days of rest); and

*Cal. Lab. Code* §1198.5 (failure to allow inspection of employment records).

187.     By engaging in these business practices, which are unfair business practices within the meaning of Bus. & Prof. Code §§ 17200 et seq., UNITED harmed Plaintiff and gained an unfair competitive edge. Under the Business & Professions Code § 17203, Plaintiff is entitled to obtain restitution of these funds.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against Defendant as follows:

1.     For compensatory damages in the amount of minimum wages due to Plaintiff, in the amount of at least $123,840.00, according to proof;

2.     For one hour of pay at the regular rate of compensation for Plaintiff for each workday that a meal and/or rest period was not provided, in the amount of $123,840;

3.    For payment of unpaid wages in accordance with California labor and employment law, in the amount of $123,840;

4.    For compensatory damages for lost wages and employment benefits, in the amount of at least $123,840.00, according to proof;

5.    For compensatory damages for physical and emotional distress, in the amount of $1,000,000, according to proof:

6.    For an award of consequential damages, according to proof;

7.    For general damages according to proof;

8.    For statutory damages pursuant to *Cal. Lab. Code* § 203.1, 226, 226.7. 226.8, according to proof;

9.    For payment to Plaintiff of waiting time penalties pursuant to *Cal. Lab. Code* § 203, in an amount equal to her daily pay rate at the time of termination, multiplied by the total amount of days elapsed between the date of involuntary termination, and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof;

10.    For specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to *Business & Professions Code* § 17200 and *Labor Code* § 203, according to proof;

11.    For compensatory damages in the amount of Plaintiff's cell phone use and/or reimbursement of monies incurred while performing UNITED's business-related duties plus interests, costs and attorneys' fees pursuant to *Cal. Code Civ. Proc.* §2802(c), in an amount according to proof;

12.    For compensatory damages in the amount of Plaintiff's uniform maintenance expenses, costs and attorneys' fees pursuant to Cal. Code Civ. Proc. §2802(c);

13.    For premium pay for failure to provide days of rest;

14.    For a preliminary and permanent injunction ordering UNITED to disclose Plaintiff's payroll records and to prevent UNITED from committing such illegal acts in the future;

15.    For an award of restitution of wages to Plaintiff in an amount equal to the amount of wages owed and unpaid, according to proof;

29

16.    For injunctive relief requiring Defendant UNITED to comply with Labor Code 1198.5(b)(1);

17.    For punitive and exemplary damages in a sum to be determined at trial;

18.    For reasonable costs, including attorneys' fees, in an amount according to proof pursuant to *Government Code* § 12965(c)(6), Cal. Lab. Code §§ 218.5, 1198.5(1), 2802 and Cal. Code Civ. Proc. §1021.5;

19.    For prejudgment interest, according to proof; and

20.    For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Alexis Brittany Lawrence Marshall hereby respectfully requests a trial by jury for all claims and issues raised in her Complaint that may be entitled to a jury trial.

LIPELES LAW GROUP, APC

Date: July 9, 2025

By: *Molly Hoot*
Molly J. Hoot
Attorneys for Plaintiff
Alexis Brittany Lawrence Marshall